STEPHEN L. DAVIS (State Bar No. 149817)
DAVIS & LEONARD, LLP
8880 Cal Center Drive, Suite 180
Sacramento, California 95826
Telephone: (916) 362-9000
Fax: (916) 362-9066
E-mail: sdavis@davisandleonard.com

Attorneys for Defendants
IGROW, LLC and
DHARMINDER MANN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GCH, Inc., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>IGROW LLC, a California limited liability company; and DHARMINDER MANN, an individual,<br><br>    Defendants. | CASE NO. 3:10-CV-01832-SC<br><br>MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS IGROW, LLC AND DHARMINDER MANN IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT<br><br>Date:   April 8, 2011<br>Time:  10:00 a.m.<br>Place:  Courtroom 1<br>         Judge Samuel Conti |

I.    INTRODUCTION AND SUMMARY.

Plaintiff GCH is trying to rush to judgment, despite the evident weaknesses of its trademark and unfair competition claims, the lack of proof in support of its outlandish claims for damages, and its failure to communicate with defense counsel. Defendants IGrow, LLC and Dharminder Mann seek an opportunity to oppose GCH's claims, and request that the entry of default be set aside so they can do so.

Plaintiff GCH, Inc. filed this action on April 28, 2010. Plaintiff did not file a certificate of service of summons and complaint, however, until five months later, on September 8, 2010. Without any warning or notice to defendants, or to their attorney, who had made attempts to contact plaintiff's counsel, plaintiff then sought and obtained entry of

default against defendants. Now, and again without first sending any letter to defendants notifying defendants of its intention, GCH has moved for a default judgment. As a result of a mistaken understanding of plaintiff's intentions and miscommunication with counsel, defendants only recently retained counsel to appear on their behalf and oppose plaintiff's complaint for damages. They now move for the Court to set aside entry of default so they may file a substantive response.

Good cause now exists for relief from default, and to permit defendants to file an answer to the complaint. First, defendants' failure to file a response to date is the result of excusable mistake, inadvertence, or neglect. Defendants did not realize until recently that plaintiff had obtained the default of defendants. Second, Defendants have acted reasonably promptly to set aside the default after finding out about its existence. Third, plaintiff's claims are significantly flawed on their face, and defendants have valid defenses to plaintiff's claims. Fourth, plaintiff will suffer no prejudice if this motion is granted. For all these reasons, Defendants ask that they be given their day in court and that the entry of default be set aside.

II.  SUMMARY OF FACTS

Defendant Dharminder Mann is a resident of Oakland, California, and on or about January 28, 2010 he opened his business IGrow, LLC, a California limited liability company wholly owned by him. Declaration of Dharminder Mann ("Mann Decl.") ¶¶1,2. The business intended to be a retail store that offered turnkey services to medical marijuana cultivators, selling products and services for indoor cultivators. Mann Decl. ¶2.

At the time he opened his business Mann was not aware of plaintiff, its business, or its mark. Mann Decl. ¶3. He did not become aware of it until receiving a letter from plaintiff's counsel sometime later.

Plaintiff filed this suit on April 28, 2010, but did not serve it on either defendant until later August 2010. Plaintiff never personally served individual Mann. *See* Cotman Decl., Ex. C. In the meantime, defendant Mann had conferred with his business counsel, Hussein Saffouri, who he understood had contacted plaintiff's counsel. Thereafter,

however, as far as Mann knew plaintiff's counsel never contacted Mr. Saffouri and never advised defendants or their counsel of its intent to seek entry of default. Mann Decl. ¶4.

Last summer defendants decided to change the business name to WEGROW GARDEN SUPPLY. The name of the limited liability company was changed and it filed an application for federal registration of the name as a trademark in June 2010. Mann Decl. ¶4. As of January 2011, the trademark office had determined that the mark WEGROW GARDEN SUPPLY was not sufficiently similar to any other pending or registered mark (including, presumably, plaintiff's mark) to create a likelihood of confusion that would bar registration. Davis Decl., Ex. C.

Mann became aware of the entry of default after plaintiff's counsel mailed the default papers to him. Mann Decl. ¶6. Apparently, however, plaintiff's counsel never sent notice to Mann's attorney, Mr. Saffouri, either of its intent to seek entry of default or the fact that default had been entered. Mann Decl. ¶6. Following the confusion that resulted from the miscommunication between defendants and their previous counsel, defendants retained the firm of Davis & Leonard LLP on or about February 3, 2011, and they have now filed these papers to set aside the default.

III.   ARGUMENT

A.  Legal Standard for Relief.

Under Rule 55(c) of the Rules of Civil Procedure, the "Court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. Proc. 55(c). Defaults are disfavored because they are inconsistent with the policy of resolving disputes on their merits. *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (reversing order denying set-aside of default). Accordingly, the courts construe motions for relief from defaults liberally and often grant them. *See California Trout v. F.E.R.C.*, 572 F.3d 1003, 1027, n.1 (9th Cir. 2009). Where only a default has been entered, the standard for lifting them is especially generous. *See Colleton Preparatory Academy, Inc*., 616 F.3d at 417. The Ninth Circuit has long recognized a liberal standard for overturning defaults. Any doubts "should be

resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgt.*, 783 F.2d 941, 945-946 (9th Cir. 1986) (affirming set aside order).

Under Rule 55, default should be set aside when there is "good cause." Fed. R. Civ. Proc. 55(c). Courts will look to a variety of factors to determine if there is good cause to set aside a default, including:

1. Proof that the default was not willful or culpable;
2. Swiftness of the action taken to remedy the default;
3. Existence of a meritorious defense; and
4. Whether setting aside the default would prejudice the plaintiff.

*See United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The court may look at other factors as well, such as the amount in controvery, the availability of alternative sanctions, or whether entry of default would produce a harsh or unfair result. *Id*. At 1091.

B. Good Cause Exists To Set Aside Entry of Default.

In this case, good cause exists to set aside the default for at least four different reasons.

1. Defendants' Failure To Respond More Quickly Was The Result of Excusable Mistake, Inadvertence, or Neglect.

Defendants first heard of the plaintiff, and of its claim of trademark infringement, after receiving a letter last spring. Defendants' understanding was that their attorney, Hussein Saffouri, had contacted plaintiff's counsel, but that plaintiff's counsel never replied, and never signaled their intention to pursue the case or to seek entry of default. Defendants in the meantime already were changing their business name from IGROW to WEGROW GARDEN SUPPLY and had no reason to believe plaintiff would object or pursue its claim further in view of that fact.

Surprisingly, and evidently despite defendants' attorney attempts to communicate with plaintiff's attorney, no attempt was ever made to communicate with defendants'

1  counsel.  Instead, plaintiff's attorneys continued to communicate directly with Mann
2  through the mail.  Nor was the individual defendant Mann actually personally served with
3  the summons and complaint.  Instead, according to plaintiff's proof of service, *see* Cotman
4  Decl., Ex. C, the summons and complaint were left with an employee of IGrow, Tony Alta,
5  at the business address (not the residence) at 70 Hegenberger Loop.
6      Defendants' failure to respond more quickly, in short, is excusable by the confusion
7  caused by plaintiff's failure to communicate clearly its intent to seek a default judgment
8  and its failure to communicate in any way with plaintiff's counsel, despite the fact that
9  defendants understood plaintiff to know that defendants were represented by counsel.

   2. Defendants Have Acted Promptly Upon Retaining Litigation Counsel To Set Aside the Default.

   Defendants finally retained counsel to represent them in this case, Davis & Leonard LLP, only last week.  Since that time they have promptly filed this motion to set aside the default and simultaneously are filing a late brief in opposition to the pending motion for default judgment.

   3. Defendants Have Meritorious Defenses, And Plaintiff's Case And Claims For Damages Appear Weak Or Defective On The Face Of The Pleadings And Papers.

       a. Plaintiff's Complaint And Motion Papers Do Not Plead Or Prove Facts To Demonstrate A Likelihood Of Confusion.

   Plaintiff's principal claim is that Defendants' use of the mark IGROW, as well as the use of other marks such as WEGROW, create a likelihood of confusion with Plaintiff's federally registered mark IGROWHYDRO, Fed. Reg. No. 3,698,319, registered October 20, 2009 for "online retail lawn, garden, and nursery store services" in Class 35.  Plaintiff alleges related claims of false designation, unfair competition, cybersquatting, and false advertising, based upon the same basic allegation that the concurrent use of Plaintiff's and Defendants' marks will cause confusion. Neither the pleadings nor the facts presented in the supporting papers to Plaintiff's motion for default judgment, however, support the

1  allegation of likelihood of confusion.  On the contrary, the claim appears to be very weak
2  on its face.
3       The Ninth Circuit articulated a multi-factor test for determining likelihood of
4  confusion in a trademark infringement case in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341
5  (9th Cir. 1979).  The relevant factors include 1) the strength of plaintiff's mark, 2) the
6  proximity of Plaintiff's and Defendants' goods, 3) the similarity of the marks, 4) the
7  evidence of actual confusion, 5) marketing channels use, 6) the type of goods and degree
8  of care likely to be exercised by the purchaser, 7) Defendants' intent, and 8) the likelihood
9  of expansion of the product lines.  *Sleekcraft*, 599 F.2d at 348-349.
10      Several of the factors in this case, at the very least, cast doubt on Plaintiff's claim
11 of confusion.  First, there is no evidence that IGROWHYDRO is an especially strong
12 mark.  By Plaintiff's own admission Plaintiff operates a modest business in terms of total
13 sales volume, with total sales during the 2009-2010 period at under $2,000,000 per year.
14 There is no evidence that the mark is especially well known.  To the extent the mark is
15 used principally in connection with hydroponic products, as appears to be the case by
16 Plaintiff's admission, see Complaint, p. 3, lines 15-17, the mark is also significantly
17 descriptive of its services.
18      Second, the marks are not the same.  Plaintiff's mark is IGROWHYDRO;
19 Defendants' mark is IGROW.  The marks look different, sound different, and have
20 different meanings and connotations.  Defendants' more recently adopted mark,
21 WEGROW GARDEN SUPPLY, is even more distinct from plaintiff's mark – so much so
22 that a claim of confusion is almost absurd on its face.  Significantly, the trademark
23 examiner assigned to Defendants' own trademark application found that Defendant's mark
24 IGROW was not sufficiently similar to any pending or registered mark to create a
25 likelihood of confusion.  Davis Decl., ¶5 & Exh. C.
26      Third, there is no evidence of actual confusion.  Plaintiff's witness, Aaron
27 Berkowitz, conclusorily (and inadmissibly) states in his declaration that sales dropped after
28 defendants used plaintiff's mark on defendants' website, but the figures cited (Berkowitz

Decl. ¶18) don't substantiate this, because sales after March 2010 generally were higher than they were before January 2010. There is no actual evidence of confusion.

Fourth, there is no evidence of intent. Defendants did not even know about plaintiff until after receiving a letter from plaintiff's counsel.

In short, plaintiff's claim of confusion is weak at best. Defendants should be given the opportunity to provide a complete response and rebuttal to plaintiff's flimsy charges of trademark infringement and unfair competition.

      b. Plaintiff's Mark Is Not "Famous" And Therefore Cannot Be The Subject Of A Dilution Claim.

An essential element of a dilution claim is that the diluted mark must be a "famous" mark. 15 U.S.C. §1125(c)(1), (2). Not every mark is famous. "COKE" is famous. "IGROWHYDRO", to put it mildly, is not. The proof of this, aside from the obvious, is that the total sales in connection with this mark evidently have never exceeded $170,000 per month. Declaration of Aaron Berkowitz, ¶18. GCH is a small business and it advertises on a small scale; it cannot claim its mark is famous, and it cannot sustain a dilution claim.

      c. Defendants Were Unaware of Plaintiff's Mark Before They Started Using Their Own Mark.

Plaintiff seeks punitive damages against Defendants and a finding that Defendants acted with "fraud, malice, and oppression". Complaint, p. 13, lines 11-13. It even seeks recovery of exemplary or augmented damages in its motion for default judgment. Plaintiff's Memorandum of Points and Authorities (MPA), p. 18-19. There is no evidence at all that supports these allegations. On the contrary, defendants didn't even know about plaintiff's existence, or business, or mark before this dispute arose. Mann Decl. ¶3. Moreover, after the dispute arose Mann renamed his business "WeGrow Garden Supply." Mann Decl. ¶4.

      d. There Is No Evidence Of Damage.

Plaintiff's motion for default judgment seeks recovery of an extraordinary amount of damages, and extremely overreaching injunctive relief, on very little proof. For

example, plaintiff seeks an injunction not only against the use of "IGROW", but also "WEGROW" and "EGROW", despite the fact that there is no argument or evidence that these very different marks are similar or are causing confusion. MPA, p. 16, lines 18-24. Plaintiff seeks recovery of hundreds of thousands of dollars for statutory damages for the registration of the domain names igrowoakland.com and igrow420.com, despite the fact that they are different from plaintiff's registered mark IGROWHYDRO and there is no evidence that the registration and use of these domain names is confusing. MPA, p. 17-18. Plaintiff seeks treble damages in an amount of $448,713, despite the fact that this amount remains wholly unproved and is not set forth in the complaint for relief. MPA, p. 19. Plaintiff also seeks recovery of an astonishing $15,000 for fees in connection with its motion despite the fact it never properly served individual defendant Mann and never corresponded with either Mann or his attorney to communicate its intent to pursue a default. Plaintiff simply has failed to make the case it is entitled to the damages it seeks. At a minimum, defendants should be given a fair and full opportunity to contest these sums.

    e. No Facts Are Alleged To Sustain Claims Against Mann Personally.

  Plaintiff's claims focus entirely on defendant IGrow, LLC's business activity: its use of trademarks and its use of domain names in connection with its retail business. Yet plaintiff also has sued defendant Mann personally. There are no allegations of infringing activity outside the scope of defendant IGrow, LLC's business, and there is no evidence in the declarations and exhibits supporting plaintiff's motion for default judgment that shows Mann was personally responsible for or involved in the alleged infringement. Mann should be given the opportunity to seek a dismissal of the claims against him personally on the ground there is no evidence to sustain these claims against him.

    4. Plaintiff Will Suffer No Prejudice If The Default Is Set Aside.

  Plaintiff will suffer no prejudice if the default is set aside. There is no prejudice in giving defendants a right to present their case, especially against a plaintiff's case as weak

as this one. Plaintiff cannot claim it has been prejudiced by delay, because the delays are of its own making. Plaintiff did not attempt to serve its complaint for four months. The case is now almost ten months old – plaintiff's doing. Defendants should have their day in court.

### 5. Defendants And Their Consuming Public Will Suffer Prejudice If The Default Is Allowed To Stand.

Plaintiff's claims challenge the ability of defendant IGrow, LLC to use its trademarks to identify its services to the public and its consumers. A default judgment for damages and injunctive relief therefore would prejudice not just defendants, but also consumers, who have an interest in how defendants' services are advertised. Setting aside the default and giving the defendants an opportunity to present their case will give them the opportunity to prove that their actions are consistent with the interests of the consuming public.

## IV. CONCLUSION

Good cause exists to set aside the entry of default in this case and permit defendants a full and fair opportunity to contest plaintiff's claims. Defendants therefore respectfully ask the Court to set aside the default and grant defendants the right to file an answer or response.

Dated: February 10, 2011      DAVIS & LEONARD, LLP

By: s/Stephen L. Davis
Stephen L. Davis
Attorneys for Defendants
IGROW, LLC and
DHARMINDER MANN