1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    GGH, INC., a California          )  Case No. 10-1832 SC
     corporation,                     )
8                                      )  ORDER SETTING ASIDE DEFAULT
                                       )  AND DENYING MOTION FOR
9              Plaintiff,              )  DEFAULT JUDGMENT
                                       )
10       v.                            )
                                       )
11   IGROW LLC, a California limited   )
     liability company, and DHARMINDER )
12   MANN, an individual,             )
                                       )
13             Defendants.             )
                                       )
14   _____    )
                                       )
15

16   **I.    INTRODUCTION**

17        Before the Court is a fully briefed Motion to Set Aside

18   Default filed by Defendants IGROW LLC ("IGROW") and Dharminder Mann

19   ("Mann") (collectively, "Defendants").  ECF Nos. 29 ("Mot."), 40

20   ("Opp'n"), 43 ("Reply").  Also before the Court is a fully briefed

21   Motion by Plaintiff GGH, Inc. ("Plaintiff") for Entry of Default

22   Judgment against Defendants.  ECF Nos. 21 ("Mot. for Default J."),

23   28, 37.  For the following reasons, the Court GRANTS Defendants'

24   Motion and DENIES Plaintiff's Motion as moot.

25

26   **II.   BACKGROUND**

27        Plaintiff filed this action on April 28, 2010.  ECF No. 1

28   ("Compl.")  In its Complaint, Plaintiff alleged that its rights in

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

its registered service mark IGROWHYDRO were infringed by

Defendants.  Id. ¶ 4.  Specifically, Plaintiff alleged that it

sells hydroponic equipment online under the IGROWHYDRO mark using

the igrowhydro.com Internet domain name.  Id. ¶ 7, 8.  Plaintiff

alleged that Defendants registered and used two Internet domain

names, igrow420.com and igrowoakland.com, in conjunction with the

sale of hydroponics products and services in Oakland, California.

Id. ¶ 4.  Plaintiff also claimed that Defendants opened up a retail

store in Oakland, California under the name IGROW on or about

January 28, 2010.  Id. ¶ 13.  Plaintiff alleged that Mann "controls

the activities of Defendant IGROW," and in furtherance of these

activities, he registered the two above domain names.  Id.

Plaintiff alleged that the IGROW mark is confusingly similar to

Plaintiff's IGROWHYDRO mark.  Id.

Plaintiff's Complaint lists eight claims: (1) infringement of

a registered service mark under 15 U.S.C. § 1072; (2) false

designation of origin under 15 U.S.C. § 1125(a); (3) dilution under

15 U.S.C. § 1125(c); (4) cybersquatting in violation of 15 U.S.C. §

1125(d)(1); (5) unfair competition and trademark infringement under

California law; (6) trademark dilution under section 14247

California Business and Professions Code; (7) unfair competition

under section 17200 of California Business and Professions Code;

and (8) false advertising under section 17500 of California

Business and Professions Code.  Compl. ¶¶ 19-66.

IGROW was served with the Complaint on August 25, 2010.  ECF

No. 12 ("Proof of Service on IGROW").  Plaintiff filed a motion for

additional time to serve Mann, which the Court granted.  ECF Nos.

13, 14.  On September 8, 2010, Plaintiff filed Proof of Service of

2

United States District Court
For the Northern District of California

the Complaint on Mann.  ECF No. 15 ("Proof of Service on Mann").
In this document, the process server alleges that Mann was served
on August 26, 2010, by substituted service on "Tony Alta, persin
[sic] in charge" at 70 Hegenberger Loop, Oakland, California,
94601.  Id.

Plaintiff moved for entry of default on IGROW and Mann on
September 27, 2010.  ECF Nos. 17, 18.  The Clerk of the Court
entered default against both Defendants on September 30, 2010.  ECF
No. 19.  On December 31, 2010, Plaintiff filed its Motion for
Default Judgment, noticing a January 7, 2011 hearing.  See Mot. for
Default J.  The Court terminated this Motion for failure to
properly notice the hearing, and on January 3, 2011, Plaintiff
renoticed it for a February 11, 2011 hearing.  ECF No. 27.

On February 10, 2011 -- the eve of the hearing date --
Defendants filed a late Opposition, a motion to shorten time, and
the now-pending Motion to Set Aside the Default.  ECF Nos. 32, 33,
34.  The Court granted Defendants' motion to shorten time,
continuing the February 11, 2011 hearing to March 4, 2011, and
deeming Defendants' Opposition to be filed timely.  ECF No. 35.


**III. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55(c), a court "may set
aside an entry of default for good cause."  In determining whether
good cause exists, a court considers (1) whether the party's
culpable conduct led to the default; (2) whether the party has a
meritorious defense; and (3) whether reopening the case would
prejudice the opposing party.  TCI Group Life Ins. Plan v.
Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).  Because these factors

are "disjunctive," a court is "free to deny the motion if any of the three factors [is] true."  Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104 1108 (9th Cir. 2000).  The court's discretion to set aside a default is "especially broad," Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986), as "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

**IV.   DISCUSSION**

    Defendants argue that all three factors favor setting aside the default, alleging that their failure to respond to the Complaint was due to excusable neglect and not due to their culpable misconduct; that Plaintiff's claims "are significantly flawed on their face;" and that Plaintiffs will suffer no prejudice if the default is set aside.  Mot. at 5.

    In alleging that their failure to respond to the Complaint and the entry of default constitutes excusable neglect, Defendants offer the following timeline.  In a declaration filed in support of Defendants' Motion, Mann claims that he is the founder of IGROW. Mann Decl. ¶ 2.[1]  Mann declares that he received a letter from Plaintiff's attorney shortly after opening IGROW's Oakland store in January 2010, and that he subsequently spoke with his business counsel, Hussein Saffouri ("Saffouri"), who then contacted Plaintiff's counsel.  Id. ¶ 4.  Mann alleges that in response to the suit, he changed the name of the business from IGROW to WEGROW GARDEN SUPPLY.  Id.

---

[1] ECF No. 31.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    In a declaration by Saffouri filed in support of Defendants'

2    Motion, ECF No. 36, Saffouri states that he contacted Plaintiff's

3    counsel by e-mail on or about June 6, 2010.  Saffouri Decl. ¶ 5.

4    Saffouri claims that in subsequent telephone conversations with

5    Plaintiff's counsel, he advised Plaintiff of Defendants' plans to

6    cease the use of the IGROW name, replacing it with the name WEGROW

7    GARDEN SUPPLY, and suggested that Plaintiff dismiss the action.

8    Id.  Saffouri claims Plaintiff's counsel informed him that he would

9    discuss the matter with his client, and report back to Saffouri.

10   Id.  Saffouri claims that he never received a response, and that he

11   was not sent a copy of Plaintiff's Motion when it was filed.  Id. ¶

12   7.  Saffouri concludes:

13           I believe my clients' failure to respond to the
             complaint or entry of default in a more timely
14           manner is excused by plaintiff's conduct.  I
             assumed that plaintiff's counsel would direct
15           communications and serve documents on me after
             I made it clear that I was representing them in
16           this matter, but they did not.  My client
             assumed, erroneously, that I would be served
17           with communications by plaintiff's counsel, and
             that I was therefore able to take action on
18           defendants' behalf.  Had plaintiff's counsel
             communicated with me, as they should have, none
19           of this delay would have occurred.

20   Id. ¶ 8.

21           In response, Plaintiff alleges: "Plaintiff consistently

22   notified Defendants that it intended to aggressively protect its

23   intellectual property rights and seek the maximum penalties under

24   the law through court action should the parties not reach a

25   mutually agreeable resolution."  Id. at 3.  This allegation is not

26   supported by a declaration.

27           Mann also alleges that he was never personally served with the

28   summons and complaint.  Id. ¶ 5.  Mann states that 70 Hegenberger

1   Loop -- the address that the documents were sent -- is a business

2   address, and the person served -- Tony Alta -- was not authorized

3   to receive or accept service of process on Mann's behalf.  Id.

4        Defendants argue that they have meritorious defenses to

5   Plaintiff's Complaint, and that portions of Plaintiff's Complaint

6   "appear weak or defective" on its face.  Mot. at 5.  In particular,

7   Defendants allege that there is no evidence of IGROWHYDRO's

8   strength as a mark; of similarity between Plaintiff's IGROWHYDRO

9   mark and Defendants' IGROW mark; that the IGROWHYDRO mark is famous

10  -- a requirement for an action for dilution under 15 U.S.C. §

11  1125(c); and of damage to Plaintiff.  Id. at 5-7.  In response,

12  Plaintiff argues that its Complaint is meritorious, largely by

13  restating the allegations made in its Complaint.  Opp'n at 9-10.

14       Finally, Defendants argue that Plaintiff will not be

15  prejudiced if the default is set aside.  Mot. at 8-9.  Defendants

16  argue: "Plaintiff did not attempt to serve its complaint for four

17  months.  The case is now almost ten months old -- plaintiff's

18  doing."  Id. at 9.  In response, Plaintiff alleges that Defendants

19  "sought to manipulate the legal process and take advantage of

20  Plaintiff by waiting to defend this action" until Defendants

21  received a favorable ruling from the U.S. Patent and Trademark

22  Office on their application for use of the mark WEGROW GARDEN

23  SUPPLY.  Opp'n at 7.

24       In light of the above, the Court concludes that all three

25  factors favor setting aside the default.  The parties dispute the

26  facts leading up to the entry of default.  As Defendants tell it,

27  counsel for Plaintiff and Defendants were engaged in settlement

28  discussions, and Plaintiff failed to serve its motions for entry of

**United States District Court**
For the Northern District of California

default and default judgment on Defendants' counsel.  As Plaintiff

tells it, Defendant Mann evaded service and ignored the motions

filed.  Because Defendants' allegations are supported with relevant

declarations and Plaintiff's are not, the Court finds Defendants'

story to carry more weight.

Furthermore, while Plaintiff alleges that it served Mann

through substituted service, this service is defective.  Rule 4(e)

of the Federal Rules of Civil Procedure permits a party to serve a

person through the law of the state where service is made.  Section

415.20(b) of California's Code of Civil Procedure authorizes

substituted service at a person's usual place of business, "[i]f a

copy of the summons and complaint cannot with reasonable diligence

be personally delivered to the person to be served."  The party

seeking substituted service must file an affidavit of the process

server showing reasonable diligence in attempting personal service.

David S. Karton, a Law Corp. v. Dougherty, 171 Cal. App. 4th 133,

137 (Ct. App. 2009).  No such affidavit has been filed here.  As

such, the Court finds that the first factor tips in favor of

setting aside the default.

The Court also finds that Defendants have raised meritorious

defenses to the Complaint -- in particular, Defendants' defenses to

Plaintiff's dilution claim are meritorious, given the fact that

Plaintiff must establish its IGROWHYDRO mark is famous in order to

prevail.

Finally, there is no reason for the Court to conclude that

Plaintiff will be unduly prejudiced if the default is set aside.

While it is true that nearly one year has passed since Plaintiff

commenced this action, as Defendants point out, Plaintiff did not

1  serve Defendants with the Complaint until four months after it was
2  filed.  Furthermore, Defendants' Motion for Default Judgment was
3  filed three months after the clerk entered default.  Thus, more
4  than half of the delay is attributable to Plaintiff.  While
5  Plaintiff would not have incurred the expense of filing a motion
6  for default judgment if Defendants had responded to the Complaint,
7  this alone is an insufficient reason to deny Defendants the
8  opportunity to defend the action and reach a decision on the
9  merits.[2]

10

11  **V.    CONCLUSION**

12      For the foregoing reasons, the Motion to Set Aside Default
13  filed by Defendants IGROW, LLC and Dharminder Mann is GRANTED.
14  Plaintiff GGH, Inc.'s Motion for Default Judgment is DENIED as
15  moot.  Defendants must file their Answer or otherwise respond to
16  Plaintiff's Complaint within twenty-one (21) days of the date of
17  this Order; should Defendants fail to do so, the Court will enter
18  default judgment in Plaintiff's favor.

19

20      IT IS SO ORDERED.

21

22      Dated: April 11, 2011

23                                        UNITED STATES DISTRICT JUDGE

24

25

26

27  [2] In the final paragraphs of its Opposition, Plaintiff requests the
    Court award it $43,281.61 in attorneys' fees and costs "incurred as
    a direct result of this litigation."  Opp'n at 11.  This request is
28  DENIED as procedurally improper.  To seek an award of attorneys'
    fees and costs against Defendants, Plaintiff must file the
    appropriate motion.

**United States District Court**
For the Northern District of California